Filed 12/8/15  P. v. Barr CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064468 |
| v. | (Super.Ct.No. SICRF97222330) |
| RONALD EVERT BARR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Inyo County.  Brian Lamb, Judge.  Affirmed.

Ronald Evert Barr, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

### STATEMENT OF THE CASE

On November 20, 2014, defendant and appellant Ronald Evert Barr filed a petition seeking to reduce his conviction for grand theft from a felony to a misdemeanor under Penal Code section 1170.18, subdivision (f) (Proposition 47).  On March 11, 2015, the trial court denied defendant's motion.  The court stated:  "The defendant's felony

1

conviction for burglary in the first degree, Penal Code section 459, pursuant to Penal Code section 460(a), commonly referred to as burglary of a residence or other inhabited structure, is not a felony conviction that qualifies for reduction to a misdemeanor or other relief under Proposition 47. Because the defendant's petition fails to state a prima facie claim for relief, the petition is hereby denied."

On May 8, 2015, defendant sought clarification and/or reconsideration alleging that his conviction was for grand theft under Penal Code section 487, not residential burglary. Therefore, he was eligible for resentencing. On May 20, 2015, defendant filed an in propria persona petition seeking reduction of his conviction for grand theft in 1997 from a felony to a misdemeanor under Penal Code section 1170.18. On August 19, 2015, the trial court issued an order inviting the People to file a response to the petition to determine whether defendant was eligible for relief under Proposition 47. On August 31, 2015, the People filed a written response stating that defendant had been convicted on February 8, 2013, of violating Penal Code sections 288a, subdivision (b)(1), and 288, subdivision (a)(1). Defendant, therefore, was required to register under Penal Code section 290, and thus, was ineligible for reduction of his conviction to a misdemeanor under Penal Code section 1170.18, subdivision (i). On September 29, 2015, the trial court denied defendant's petition. On September 11, defendant filed a notice of appeal.[1]

---

[1] On the court's own motion on October 6, 2015, we deemed defendant's notice of appeal filed on September 11, 2015, as filed after the trial court's order of denial on September 29, 2015.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On November 12, 2015, defendant filed a four-page handwritten brief. In his brief, defendant contends that his conviction for grand theft should be reduced to a misdemeanor under Proposition 47. Defendant appears to be arguing that Penal Code section 1170.18, subdivision (i), does not apply because his convictions for Penal Code sections 288a and 288, occurred in 2013, while his conviction for grand theft occurred in 1997.

In this case, although defendant's offense for the disqualifying felony occurred in 2013, and the felony conviction for which defendant seeks reduction to a misdemeanor occurred in 1997, the statutory terms "prior conviction" means any conviction prior in time to the filing of the petition for resentencing. The plain language of Penal Code section 1170.18, subdivision (i), states that "[t]he provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [Penal Code s]ection 667 or for an offense requiring registration pursuant to subdivision (c) of [Penal Code s]ection 290." Penal Code section 1170.18, subdivision (i), does not state that the

3

prior conviction must have been committed prior to the commission of the conviction at issue under Proposition 47. Moreover, the Voter Information Guide stated that "certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor. However, no offender who has committed a specified severe crime could be resentenced or have their conviction changed." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 36.) The trial court, therefore, properly denied defendant's petition to reduce his conviction for grand theft from a felony to a misdemeanor under Penal Code section 1170.18, subdivision (i).

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                                    J.


We concur:


KING_____
            Acting P. J.


CODRINGTON_____
                        J.

4